USDC No. 1:25-cv-90-SA-DAS

## IN THE CIRCUIT COURT FOR ALCORN COUNTY, MISSISSIPPI

**JESSE FARIAS**                                                                 **PLAINTIFF**

**VS.**                                                          CAUSE NO.: **CV25-122 KMA**

**HARBOR FREIGHT TOOLS**
**USA, INC.; AND JOHN DOES 1-10**                                   **DEFENDANTS**

---

### COMPLAINT

---

**COMES** NOW, the Plaintiff, Jesse Farias, by and through counsel, and files this Complaint against the Defendants, Harbor Freight Tools USA, Inc., and John Does 1-10 and in support thereof, would show unto the Court the following, to-wit:

### PARTIES

1.      Plaintiff, Jesse Farias, is an adult resident citizen of Prentiss County, Mississippi.

2.      Defendant, Harbor Freight Tools USA, Inc. ("Harbor Freight"), is a corporation, licensed and registered to do business in Mississippi, but it is incorporated in Delaware and has its principal office in California. Harbor Freight directly sells merchandise in Corinth, Alcorn Mississippi, and the subject ladder was sold in Corinth, Alcorn County, Mississippi. Harbor Freight can be served with process in Mississippi through its registered agent, Corporate Creations Network, Inc., at 7 Professional Pkwy #101, Hattiesburg, Mississippi 39402.

3.      Defendants, John Does 1-10 are corporations, entities, businesses, and/or individuals which are presently unknown to the Plaintiff who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as defendants when their identities become known.

ALCORN COUNTY
# FILED

MAR 2 7 2025

CRYSTAL STARLING, CIRCUIT CLERK
BY_____ *Heather Bayer Dc*_____

EXHIBIT "A"

## JURISDICTION AND VENUE

4.      This civil action arises from an incident where a ladder Plaintiff was using broke and collapsed, causing him to fall and sustain serious, severe, and permanent injuries. Therefore, Plaintiff herein is seeking compensatory and other damages in an amount over Two Hundred Dollars (200.00). Under Section 9-7-81 of the Mississippi Code of 1972, as amended, original jurisdiction is in the Circuit Court of Alcorn County, Mississippi where the subject ladder was sold.

5.      Because Harbor Freight is registered to do business in Mississippi with business licenses in Alcorn County, Mississippi where the subject ladder was sold and purchased, Alcorn County, Mississippi is the proper venue for this action under Section 11-11-3 of the Mississippi Code of 1972, as amended.

6.      Plaintiff demands a jury trial of this civil action under Rule 38 of the Mississippi Rules of Civil Procedure, as is his right, under Article III, Section 31 of the Mississippi Constitution of 1890.

## FACTUAL BACKGROUND

7.      The ladder at issue was designed, manufactured, and placed into the stream of commerce by Harbor Freight through its store in Corinth, Alcorn County, Mississippi, where Plaintiff purchased it.

8.      At the time of purchase, Harbor Freight represented that the ladder was free of defects and complied with ANSI A14.2-2007, which is the national standard for the safe construction, design, testing, care, and use of portable metal ladders, like the one at issue.

9.      Harbor Freight also represented that the ladder had a "Type IA 300lb Duty Rating," which Plaintiff did not exceed on the day of the incident.

EXHIBIT "A"

10.    Harbor Freight also represented that the ladder was "super strong" and made of "aircraft grade aluminum."

11.    On or about April 4, 2024, Plaintiff, Jesse Farias, was using a Harbor Freight Franklin ladder, Model No. 63419 and Serial No. 369712301, (the "ladder") to paint.

12.    Plaintiff had used the ladder for various projects without issue, and before he used the ladder on April 4, 2024, he inspected it without finding any visible defects or mechanical issues.

13.    Plaintiff set up the ladder to paint. The ladder was not modified or altered after it left Defendants' control and, at the time of subject incident, and it was being used in an ordinary and reasonable manner in which it was intended and reasonably expected to be used.

14.    Suddenly, and without warning, the ladder collapsed, buckled, and broke at the bottom supports, causing Plaintiff to fall to the floor.

15.    The violent impact from the fall caused Plaintiff to suffer serious head injuries and broken bones that required immediate medical attention.

16.    The ladder was defective and unsafe for its intended purposes at the time it left Defendants' control in that the bottom ladder supports and/or braces failed to support Plaintiff's weight while he was painting.

17.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has incurred significant medical and other related expenses because of the injuries sustained from the fall caused by the defective ladder. Plaintiff's injuries are permanent with his ability to perform ordinary activities and enjoy life permanently, irrevocably and adversely affected.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF MISSISSIPPI'S PRODUCT LIABILITY ACT

## (MISS. CODE ANN. § 11-1-63)
## DESIGN DEFECT

18.    Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

19.    Pursuant to Mississippi's "Product Liability Act," Miss. Code Ann. § 11-1-63, Defendants are strictly liable for Plaintiff's injuries.

20.    Defendants designed, manufactured and/or sold the ladder in a defective condition that was unreasonably dangerous to users and consumers and caused catastrophic injuries to Plaintiff.

21.    Defendants are in the business of designing, manufacturing, distributing, and/or selling the ladder that injured Plaintiff.

22.    The ladder was in substantially the same defective condition and was unreasonably dangerous to users and consumers from the time of its design, manufacture, distribution and sale by Defendants until the April 4, 2024, incident herein described.

23.    Defendants violated applicable standards, codes and/or regulations in failing to ensure that the ladder could hold and support less than 300lbs repeatedly while a consumer and/or user, like Plaintiff, would reasonably use the ladder to paint.

24.    Defendants' failure to ensure that the ladder would not buckle, collapse, and break under Plaintiff's weight, which was less than 300lbs, while painting is the direct and proximate cause of Plaintiff's injures, and therefore, Defendants are strictly liable to Plaintiff for his injuries as set forth above.

## COUNT II – VIOLATION OF MISSISSIPPI'S PRODUCT LIABILITY ACT
## (MISS. CODE ANN. § 11-1-63)
## FAILURE TO WARN

EXHIBIT "A"

25.     Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

26.     The ladder manufactured and/or supplied by Defendants was unaccompanied by proper warnings about the risk of injury to people, within the prescribed weight limit, who would use the ladder to paint, concerning whether the ladder supports and/or braces would buckle, break, or collapse. Therefore, Defendants violated Miss. Code Ann. § 11-1-63(c). Had the ladder been equipped with said warnings, Plaintiff and others similarly situated would not have purchased the ladder.

27.     After Defendants knew or should have known of the risk of injury from the normal use and operation of the ladder, they did not provide adequate warnings to users and operators of the ladder, and continued to aggressively promote and sell the ladder, and as a direct result thereof, the ladder designed, developed, manufactured, and/or supplied by Defendants was defective due to inadequate post-marketing warning and/or instructions.

28.     Upon information and belief, as a producing cause or legal result of the defective condition of the ladder as designed, developed, manufactured, and/or supplied by Defendants, and as a direct and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants, Plaintiff sustained the damages and injuries set forth herein.

29.     At all material times, Defendants knew of the defective nature of the ladder and continued to design, develop, manufacture, and sell the ladder to maximize sales and profits at the expense of public health and safety.

30.     Defendants' conduct exhibits such an entire want of care as to establish its actions were willful, reckless, a result of fraud, actual malice, and the conscious and deliberate disregard of foreseeable harm to Plaintiff thus entitling Plaintiff to an award of punitive damages.

## COUNT III – NEGLIGENCE AND NEGLIGENCE *PER SE*

31.    Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

32.    Defendants, having undertaken to design, manufacture, distribute and/or sell the ladder, possessed a duty to do so in a reasonably safe manner.

33.    The injuries suffered by Plaintiff were directly and proximately caused by Defendants' negligence, recklessness, gross negligence, negligence *per se*, willfulness and wantonness in the following particulars:

   a.    Failed to use due care when Defendants designed, assembled, manufactured, distributed, marketed, sold and placed the unreasonably dangerous ladder into the stream of commerce when Defendants knew, or should have known, the ladder was unreasonably dangerous and unsafe for its intended use;

   b.    Failed to guard against hidden dangers or latent defects;

   c.    Knew, or had reason to know, that the ladder was dangerous for its intended use;

   d.    Failed to exercise that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances;

   e.    Despite knowledge of such dangers, Defendants intentionally and knowingly chose not to take action and failed to take proper precautions to make the ladder reasonably safe for its intended use;

   f.    Failed to adhere to applicable safety standards, codes and/or regulations in the design, manufacture, distribution and sale of the ladder;

   g.    Other violations that may be discovered and proven at trial.

34.    Defendants' violation of the Mississippi Products Liability Act and the safety standards, codes and/or regulations constitutes negligence *per se*.

35.    Said failure to comply with the standards, codes, and/or regulations constitutes negligence *per se* because it resulted in the harms the standards, codes, and/or regulations were

EXHIBIT "A"

designed to prevent, and the Plaintiff was within the class of persons the standards, codes, and/or regulations were intended to protect.

36.    As a direct and proximate result of Defendants' acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the ladder, Plaintiff suffered and continues to suffer severe personal injuries as set forth above.

37.    Because of Defendants acts and/or omissions aforementioned, Plaintiff has incurred significant medical and other related expenses and may require additional medical care in the future resulting in additional expenses. Plaintiff's injuries are permanent and his ability to perform ordinary activities and enjoy life has been permanently, irrevocably and adversely affected.

## COUNT IV – BREACH OF EXPRESS AND IMPLIED WARRANTIES

38.    Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

39.    Prior to, and all times mentioned herein, Defendants expressly and/or impliedly warranted that the ladder was properly designed and manufactured, that it was of merchantable quality and reasonably fit for the purposes for which it was intended to be used, and that it was safe for such use.

40.    The ladder and/or the design thereof was defective, unreasonably dangerous, unfit for the purposes for which it was intended and did not conform to Defendants' express or implied warranties.

41.    The defective condition of the ladder breached the aforesaid implied and/or expressed warranties and such breach was the direct and proximate cause of Plaintiff's injuries, damages, and losses to which Defendants are liable.

## COUNT V – BREACH OF WARRANTY OF MERCHANTABILITY

EXHIBIT "A"

42.     Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

43.     When the Defendants placed the ladder into the stream of commerce, they knew the ladder would be used to paint by an individual, like Plaintiff, and expressly and impliedly warranted to Plaintiff and others that use of the ladder was safe and acceptable.

44.     Plaintiff reasonably relied upon the expertise, skill, judgment, and knowledge of the Defendants, and upon the express and/or implied warranty that the ladder was of merchantable quality and fit for the use which it was designed.

45.     The ladder was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous for its intended purpose, as shown by the injuries and damage to Plaintiff as previously described herein.

46.     As a direct and proximate consequence of the actions and conduct of the Defendants, Plaintiff sustained injuries, damages, and losses and is entitled to damages as set forth below from Defendants.

### COUNT VI – NEGLIGENT MISREPRESENTATION

47.     Plaintiffs incorporate by reference the preceding paragraphs and allegations as though set forth herein.

48.     Defendants falsely represented to users, operators, and consumers that the ladder was safe when used as instructed. These representations, that the ladder was safe for its intended use when used as instructed and labeled, were false as the ladder was dangerous to the health of Plaintiff when used as intended.

EXHIBIT "A"

49.	Defendants did not exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the ladder, and otherwise did not exercise reasonable care in communicating the information to Plaintiff and those similarly situated.

50.	In reasonable reliance on Defendants' misrepresentations, Plaintiff was induced to, and did, use the ladder.

51.	As a direct and proximate result of Defendants' misrepresentations, Plaintiff sustained the damages and injuries set forth herein.

## COUNT VII - ACTS OF NEGLIGENCE OF DEFENDANTS JOHN DOES 1-10

52.	Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

53.	Plaintiff alleges that the wrongful conduct of the John Doe Defendants combined and concurred with the wrongful conduct of the named Defendants and as a proximate consequence thereof, Plaintiff was severely injured. All foregoing Counts and causes of action stated or in any later amendment are adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint.

## DAMAGES

54.	Plaintiff incorporates by reference the preceding paragraphs and allegations as though set forth herein.

55.	Plaintiff suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of Defendants.

56.	Plaintiff seeks damages in an amount that shall be fully proven at the time of trial and includes the following:

    a.	pain and suffering;

b.      permanent scarring and disfigurement;

c.      loss of enjoyment of life, both past and future;

d.      lost wages and future earning capacity;

e.      lost profits and other work related expenses connected with the incident;

f.      medical and medical related expenses, both past and future;

g.      emotional distress, past and future; and

h.      all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

57.    The acts or omissions of Defendants were grossly negligent entitling Plaintiff to punitive damages under Mississippi Code Section 11-1-65 (1972, as amended) and/or under the common law, in an amount sufficient to punish Defendants and to deter future conduct.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Jesse Farias, demands judgment against the Defendants in an amount to be determined by a jury reasonably calculated to compensate the Plaintiff for his injuries, damages, and losses, and all costs, including but not limited to pre-judgment interest of 8% compounded daily. Plaintiff prays for any other relief as this Court may consider equitable and just, or that may be available, including but not limited to all reliefs prayed for in this Complaint.

Respectfully submitted, this the 27th day of March, 2025.

**JESSE FARIAS**

By:    *Thomas O. Cooley*
THOMAS O. COOLEY, MBN 103991
Counsel for Plaintiff

**LANGSTON & LOTT, PLLC**
100 South Main Street
Booneville, Mississippi 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: tcooley@langstonlott.com